Case 1:08-cv-05733-CM  Document 1  Filed 06/26/2008  Page 1 of 10

Judge McMahon

'08 CIV 5733

RECEIVED
JUN 26 2008
U.S.D.C. S.D.N.Y.
CASHIERS

LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
ONEGO SHIPPING & CHARTERING B.V.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ONEGO SHIPPING & CHARTERING B.V.          ECF CASE

                Plaintiff,          08 Civ.      (    )

- against -

GERMAN LINES LTD.,
ANNAKI CORP.,
PLANET NAVIGATION LTD.,
ATLANTIS MARITIME AS,
SEABRIDGE TRANSPORTATION LTD.,
DIANA SUDACOVA,
and MICHAEL I. MAILLIS,

                Defendants.
------------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff ONEGO SHIPPING & CHARTERING B.V. ("ONEGO"), by its attorneys Lyons & Flood, LLP, as and for its Verified Complaint against defendants, GERMAN LINES LTD. ("GERMAN"), ANNAKI CORP. ("ANNAKI"), PLANET NAVIGATION LTD. ("PLANET"), ATLANTIS MARITIME AS ("ATLANTIS"), SEABRIDGE TRANSPORTATION LTD. ("SEABRIDGE"), DIANA SUDACOVA, and MICHAEL I. MAILLIS alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject

matter jurisdiction pursuant to 28 USC §§ 1331 and 1333. Subject matter jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 USC § 201 *et seq.* and/or the Federal Arbitration Act, 9 USC § 1 *et seq.*

2. At all material times, plaintiff ONEGO was and still is a corporation organized and existing under the laws of a foreign country, and is and was the owner or disponent owner of the M/V ONEGO FORESTER and the M/V RAGUVA ("the Vessels").

3. Upon information and belief, at all material times, defendant GERMAN was and still is a corporation organized and existing under the laws of England, with an office and place of business at Suite B, 29 Harley Street, London, United Kingdom W1G 9QR, and was the charterer of the Vessels.

4. Upon information and belief, at all material times, defendant ANNAKI was and still is a corporation organized under the laws of the State of Delaware, with an office and place of business at 464 Sycamore Drive, Campbell, Ohio 44405, did business on behalf of and did business as defendant GERMAN, and was the majority shareholder and director of defendant GERMAN.

5. Upon information and belief, at all material times, defendant PLANET was a paying agent for and on behalf of defendant GERMAN.

6. Upon information and belief, at all material times, defendant ATLANTIS was and still is a corporation organized under the laws of the Marshall Islands, and did business on behalf of defendant GERMAN.

7. Upon information and belief, at all material times, defendant

SEABRIDGE was and still is a corporation with an office and place of business at 464 Sycamore Drive, Campbell, Ohio 44405, and was an employer of defendants DIANA SUDACOVA and MICHAEL I. MAILLIS. Moreover, defendant MICHAEL I. MAILLIS used the e-mail account of defendant SEABRIDGE to conduct business on behalf of defendant GERMAN.

8. Upon information and belief, at all material times, defendant DIANA SUDACOVA was the minority shareholder of defendant GERMAN, maintained bank accounts and held funds on behalf of one or more of the corporate defendants herein, was the marketing agent of defendant ATLANTIS, and was the director, secretary, and treasurer of defendant ANNAKI.

9. Upon information and belief, at all material times, defendant MICHAEL I. MAILLIS conducted business on behalf of defendant GERMAN, and was an employee of defendant ATLANTIS, defendant SEABRIDGE, and defendant PLANET.

## COUNT ONE

10. Plaintiff ONEGO repeats and realleges the allegations stated in paragraphs 1 through 9 of the Verified Complaint as if set forth fully herein.

11. By a time charter evidenced by a fixture recap dated March 13, 2008 (the "FORESTER Charter Party"), defendant GERMAN chartered the M/V ONEGO FORESTER from plaintiff ONEGO for a period of 40 to 50 days with a laycan from March 25 to April 5, 2008. The hire payments agreed to were $13,900.00 per day, payable every fifteen days.

12. The M/V ONEGO FORESTER was delivered to Shantou, China on or about April 12, 2008. The intention was for defendant GERMAN to utilize the vessel for

approximately 87 days before returning it to a re-delivery point specified in the FORESTER Charter Party on or about July 8, 2008. Upon information and belief, the FORESTER Charter Party was agreed before the defendant GERMAN was incorporated under English law by one or more of the remaining defendants, including defendant SUDACOVA.

13. In breach of the FORESTER Charter Party, defendant GERMAN has failed to pay (a) the hire payments due and owing to plaintiff ONEGO in the amount of $1,209,300.00, (b) the Marine Gas Oil ("MGO") furnished upon delivery of the Vessel in the amount of $73,470.00, (c) the cable, victuals, and entertainment ("C/V/E") expenses in the amount of $2,125.00, and the fuel stem of $125,853.32 (IFO) and $56,200.00 (MGO) for a total of $1,466,948.32 less estimated port expenses of $20,000 at Alexandria and $20,000 at Aviles for a net amount of $1,426,948.32 that was and would have been earned by plaintiff ONEGO under the FORESTER Charter Party.

14. In light of defendant GERMAN's failure to pay any of the hire and expenses set forth in ¶ 13 above, on April 18, 2008, plaintiff ONEGO and defendant GERMAN reached agreement whereby defendant PLANET, on behalf of defendant GERMAN, would remit, upon completion of loading, the sum of $800,000.00 to plaintiff ONEGO's designated bank account as an advance of time charter hire that would be due under a new time charter that would be assumed to have been concluded between plaintiff ONEGO and defendant GERMAN on the same terms and conditions as previously agreed.

15. Defendant PLANET has failed, on behalf of defendant GERMAN, to remit any sums in respect of the April 18, 2008, agreement identified in ¶ 14 above. As a

result of defendants' PLANET and GERMAN breach of this agreement, plaintiff ONEGO has and will suffer losses and damages in the amounts set forth in ¶ 13 above as near as now can be determined.

### COUNT TWO

16. Plaintiff ONEGO repeats and realleges the allegations stated in paragraphs 1 through 15 of the Verified Complaint as if set forth fully herein.

17. By a time charter evidenced by a fixture recap dated April 8, 2008 (the "RAGUVA Charter Party"), defendant GERMAN chartered the M/V RAGUVA from plaintiff ONEGO for a period of about 45 to 55 days with a a laycan from April 26 to May 3, 2008. The hire payments agreed to were $25,500.00 per day, including overtime, less a 3.75% commission.

18. The M/V RAGUVA was delivered to Tianjin, China on or about May 4, 2008. The intention was for defendant GERMAN to utilize the vessel for approximately 77 days before returning it to a re-delivery point specified in the Charter Party on or about July 20, 2008.

19. In breach of the RAGUVA Charter Party, defendant GERMAN has failed to pay (a) the hire payments due and owing to plaintiff ONEGO in the amount of $1,965,625.00, (b) bunkers on delivery in the amounts of $59,901.00 (IFO) and $16,321.50 (MGO), (c) bunkers supplied by plaintiff ONEGO in the amounts of $386,364.81 (IFO) and $90,570.90 (MGO), (d) estimate port expenses in the amount of $215,000.00, (e) charterers' expenses in the amount of $3,208.75, less commission of $73,710.94 for a net amount of $2,663,281.02 that was and would have been earned by plaintiff ONEGO under the RAGUVA Charter Party.

20. In light of defendant GERMAN's failure to pay any of the hire and expenses set forth in ¶ 19 above, on April 21, 2008, plaintiff ONEGO and defendant GERMAN reached agreement whereby defendant PLANET, on behalf of defendant GERMAN, would remit, upon completion of loading, the sum of $1,400,000.00 to plaintiff ONEGO's designated bank account as an advance of time charter hire that would be due under a new time charter that would be assumed to have been concluded between plaintiff ONEGO and defendant GERMAN on the same terms and conditions as previously agreed.

21. Defendant PLANET has failed, on behalf of defendant GERMAN, to remit any sums in respect of the April 21, 2008, agreement identified in ¶ 20 above. As a result of defendants' PLANET and GERMAN breach of this agreement, plaintiff ONEGO has and will suffer losses and damages in the amounts set forth in ¶ 19 above as near as now can be determined.

22. Pursuant to the arbitration clauses contained in the FORESTER and RAGUVA Charter Parties, any and all disputes between plaintiff ONEGO and defendant GERMAN are subject to English law and London arbitration. Plaintiff has commenced arbitration against defendant GERMAN.

23. Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

24. Under English law, plaintiff would expect a London arbitration tribunal to award interest on the principal amounts awarded at a rate of approximately 7% *per annum*. Plaintiff has therefore calculated interest on the sum set forth in paragraph ¶ 27 (a) of the Verified Complaint herein based on that interest rate.

25. Under English law, plaintiff would also expect a London arbitration

tribunal to award the legal costs of arbitration against defendants. These legal costs would include plaintiff's London solicitors' legal fees, experts' fees, barristers' fees in relation to the arbitration hearing, costs associated with the arbitration hearing itself, and travel costs and expenses for witnesses attending the hearing.

26. Defendants GERMAN, ANNAKI, PLANET, ATLANTIS, SEABRIDGE, DIANA SUDACOVA, and MICHAEL I. MAILLIS cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, but upon information and belief, defendants GERMAN, ANNAKI, PLANET, ATLANTIS, SEABRIDGE, DIANA SUDACOVA, and MICHAEL I. MAILLIS have, or will have during the pendency of this action, tangible or intangible property within this District in the hands of garnishees and thereby subject to the jurisdiction of this Court.

27. Plaintiff ONEGO hereby demands:

(a) Payment of $4,090,229.34 for the unpaid hire payment and expenses due and owing to plaintiff ONEGO under the Charter Parties;

(b) Payment of $858,948.16 to cover interest on the amount in paragraph (a) above for a period of three (3) years as recoverable under English law; and

(c) Payment of $500,000.00 as security to cover the legal costs in connection with the London arbitration as recoverable under English law. Plaintiff reserves the right to amend the demand for interest and legal costs as they increase over time as is expected.

**Total $5,449,177.50**

WHEREFORE, plaintiff ONEGO prays that:

a.  process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendants, citing them to appear and answer under oath all and singular the matters alleged;

b.  since defendants cannot be found within this District, plaintiff respectfully requests that this Court issue an Order directing the Clerk of the Court to issue a Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all of the defendants' tangible or intangible property found in this District or claimed by or being held for, belonging to, due or being transferred to, from, or for the benefit of defendants by any garnishees within this District in the amount of **$5,449,177.50** to secure plaintiff ONEGO's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

c.  this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

d.  judgment be entered by this Court in favor of plaintiff and against defendants enforcing and recognizing any London arbitration award(s) or judgment(s) that may be rendered on the claims set forth herein; and

e.  plaintiff have such other, further, and different relief as this Court may deem just and proper.

Dated: June 26, 2008

                                      LYONS & FLOOD, LLP
                                      Attorneys for Plaintiff
                                      ONEGO SHIPPING & CHARTERING B.V.

By:    */s/ Kirk M. Lyons*
                                        Kirk M. Lyons (KL-1568)
                                        65 West 36th Street, 7th Floor
                                        New York, New York 10018
                                        (212) 594-2400

U:\kmhldocs\2641004\Legal\Verified Complaint.doc

## VERIFICATION

Kirk M. Lyons, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff ONEGO SHIPPING & CHARTERING B.V., in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff ONEGO SHIPPING & CHARTERING B.V. is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on:   June 26, 2008

_____
Kirk M. Lyons

U:\kmhldocs\2641004\Legal\Verified Complaint.doc